## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**LARISSA GONZALEZ,**

     **Plaintiff,**

                              **CASE NO.:**

**v.**

**LIBERTY MUTUAL**
**INSURANCE COMPANY,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Larissa Gonzalez, by and through undersigned counsel, brings this action against Defendant, Liberty Mutual Insurance Company, and in support of her claims states as follows:

### JURISDICTION AND VENUE

1.    This is an action for damages for violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 12101 *et seq.*

3.    Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

### PARTIES

4.    Plaintiff is a resident of Hillsborough County, Florida.

5.     Defendant operates a company in Boston, Massachusetts, but Plaintiff worked remotely for Defendant in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and FCRA.

7.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the ADA and FCRA.

8.     Plaintiff has satisfied all conditions precedent, or they have been waived.

9.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

11.     Plaintiff began working for Defendant in or around July 6, 2022, and she worked in this capacity until on or around May 15, 2023.

12.     During Plaintiff's employment with Defendant, Plaintiff suffered from a physical or mental condition that substantially limited her ability to perform one or more major life activities. Plaintiff had a record of such condition, and/or was regarded by Defendant as having a condition that substantially limited her ability to perform one or more major life activities.

13.   Plaintiff continues to suffer from the aforementioned physical or mental condition.

14.   At all times material hereto, Plaintiff could perform the essential functions of her job with Defendant with or without accommodation.

15.   Thus, Plaintiff was a "qualified individual with a disability" within the meaning of the ADA.

16.   Specifically, Plaintiff suffers from a seizure disorder.

17.   Defendant was aware that Plaintiff suffers from a seizure disorder.

18.   In or around February/March 2023, Plaintiff engaged in protected activity by requesting from her Interim Manager the reasonable accommodation of a brief medical leave of absence, because Plaintiff she was in need of surgery, due to her seizure disorder, in or around April 2023.

19.   In or around March 2023, shortly after Plaintiff requested this reasonable accommodation, Defendant retaliated against Plaintiff by placing Plaintiff on a performance improvement plan ("PIP").

20.   Again, Plaintiff objected to this retaliation.

21.   Defendant informed Plaintiff that it would reconvene with Plaintiff regarding the PIP after Plaintiff's surgery, which was now projected to take place in May 2023.

22.   On or around May 4, 2023, Plaintiff was informed that her health savings account had been canceled.

23.     Plaintiff then learned from her doctor that her health insurance was denied for her upcoming surgery.

24.     Plaintiff then informed Defendant that her surgery is being rescheduled.

25.     However, on or around May 15, 2023, Defendant terminated Plaintiff's employment for a pretextual reason.

26.     Defendant terminated Plaintiff based on her disability and in retaliation for Plaintiff having engaged in protected activity.

27.     In terminating Plaintiff's employment, Defendant failed to provide Plaintiff with reasonable accommodations and failed to even engage in an interactive process regarding a reasonable accommodation.

## COUNT I – ADA VIOLATION
## (DISABILITY DISCRIMINATION)

28.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

29.     Plaintiff is a member of a protected class under the ADA.

30.     Plaintiff was subjected to disparate treatment by Defendant on the basis of her disability, and/or perceived disability.

31.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently terminated Plaintiff instead of providing her with the reasonable accommodation of a brief medical leave of

absence for surgery, that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

32.    Defendant's actions were willful and done with malice.

33.    Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    That this Court enter an injunction restraining continued violation of the ADA;

    d)    Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

    e)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

    f)    Reinstatement of Plaintiff's full fringe benefits and seniority rights;

    g)    Any other compensatory damages, including emotional distress, allowable at law;

    h)    Punitive damages;

    i)    Prejudgment interest on all monetary recovery obtained.

j)     All costs and attorney's fees incurred in prosecuting these claims; and

k)     For such further relief as this Court deems just and equitable.

## COUNT II—ADA VIOLATION
### (DENIAL OF REASONABLE ACCOMMODATION)

27.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

28.     Plaintiff is disabled, or was perceived by Defendant as being disabled.

29.     Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently terminated Plaintiff instead of providing her with the reasonable accommodation of a brief medical leave of absence for surgery,  that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

30.     Defendant's actions were willful and done with malice.

31.     Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)     A jury trial on all issues so triable;

b)     That process issues and that this Court take jurisdiction over the case;

c)     An injunction restraining continued violation of   law enumerated herein;

6

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained;

i)      All costs and attorney's fees incurred in prosecuting these claims; and

j)      For such further relief as this Court deems just and equitable.

**<u>COUNT III – ADA RETALIATION</u>**

32.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

33.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

34.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations and by objecting to disparate treatment and retaliation against her.

35.    Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating Plaintiff's employment.

36.    Defendant's actions were willful and done with malice.

7

37.     The adverse employment action that Defendant took against Plaintiff was material.

38.     Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)   A jury trial on all issues so triable;

b)   That process issue and that this Court take jurisdiction over the case;

c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d)   That this Court enter an injunction restraining continued violation of the ADA;

e)   Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f)   Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h)   Any other compensatory damages, including emotional distress, allowable at law;

i)     Punitive damages;

j)     Prejudgment interest on all monetary recovery obtained.

k)     All costs and attorney's fees incurred in prosecuting these claims; and

l)     For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

34.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

35.     As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the FCRA.

36.     Plaintiff was subjected to disparate treatment on the basis of his handicap, disability, and/or perceived handicap/disability.

37.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently terminated Plaintiff instead of providing her with the reasonable accommodation of a brief medical leave of absence for surgery, that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

38.     Defendant's actions were willful and done with malice.

39.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a)  A jury trial on all issues so triable;

b)  That process issue and that this Court take jurisdiction over the case;

c)  Compensation for lost wages, benefits, and other remuneration;

d)  Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

e)  Any other compensatory damages, including emotional distress, allowable at law;

f)  Punitive damages;

g)  Prejudgment interest on all monetary recovery obtained.

h)  All costs and attorney's fees incurred in prosecuting these claims; and

i)  For such further relief as this Court deems just and equitable.

## <u>COUNT V—FCRA VIOLATION</u>
### (DENIAL OF REASONABLE ACCOMMODATION)

25.  Plaintiff realleges and readopts the allegations of paragraphs 1 through 27 of this Complaint, as though fully set forth herein.

26.  Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

27.  Plaintiff requested a reasonable accommodation from Defendant.

28.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently terminated Plaintiff instead of providing her with the reasonable accommodation of a brief medical leave of absence for surgery, that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

29.     Defendant's actions were willful and done with malice.

30.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

a)      A jury trial on all issues so triable;

b)      That process issues and that this Court take jurisdiction over the case;

c)      An injunction restraining continued violation of  the law enumerated herein;

d)      Compensation for lost wages, benefits, and other remuneration;

e)      Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f)      Compensatory damages, including emotional distress, allowable at law;

g)      Punitive damages;

h)      Prejudgment interest on all monetary recovery obtained;

i)    All costs and attorney's fees incurred in prosecuting these claims; and

j)    For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

30.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

31.    As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the FCRA.

32.    Plaintiff engaged in protected activity under the ADA by requesting reasonable accommodations and by objecting to disparate treatment and retaliation against her.

33.    Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

34.    Defendant's actions were willful and done with malice.

35.    Defendant took material adverse action against Plaintiff.

36.    Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

a)    A jury trial on all issues so triable;

b)    That process issue and that this Court take jurisdiction over the case;

12

c)   That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

d)   Compensation for lost wages, benefits, and other remuneration;

e)   Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

f)   Front pay;

g)   Any other compensatory damages, including emotional distress, allowable at law;

h)   Punitive damages;

i)   Prejudgment interest on all monetary recovery obtained.

j)   All costs and attorney's fees incurred in prosecuting these claims; and

k)   For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of November, 2024.

Respectfully submitted,

*/s/  Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**
Florida Bar Number: 1026002
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: hdebella@wfclaw.com
Email: aketelsen@wfclaw.com
**Counsel for Plaintiff**